UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALEXANDER BUDRIS<br><br>Plaintiff,<br><br>v.<br><br>HUSL DIGITAL, LLC<br><br>Defendant. | Civil Action No. 1:22-cv-1093 |

## STIPULATED PROTECTIVE ORDER

The Court having received and considered the Joint Motion for Entry of Stipulated Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the Parties, through their respective counsel having stipulated and agreed to the terms set forth herein, and good cause having been shown, it is hereby

ORDERED THAT:

1. Except as otherwise ordered by this Court, this Protective Order shall govern the handling of all confidential and sensitive documents, testimony, interrogatories, correspondence, and any other material or information produced, disclosed or filed by any Party or non-party and designated as such in accordance with the terms hereof.

2. Any Party or non-party may, during the course of this litigation, designate any material (including but not limited to any response to any subpoena or discovery request, including, but not limited to, requests for production of documents, document productions, interrogatories, transcripts of depositions and exhibits thereto, or requests for admission), in whole

or in part as "Confidential Information – Subject to Protective Order" or "Attorneys' Eyes Only – Subject to Protective Order" (collectively referred to as "Protected Material") by:

a. Affixing a legend or stamp on such Protected Material (except deposition transcripts or native documents) as follows: "Confidential – Subject to Protective Order" or "Attorneys' Eyes Only – Subject to Protective Order."  The words "Confidential – Subject to Protective Order" or "Attorneys' Eyes Only – Subject to Protective Order" shall be placed clearly on each page of the document where practical or, where not practical, prominently on at least the first page of such Protected Material;

b. For natively produced Protected Material, the filename shall be the production number and the confidentiality designation shall be placed in the filename of each such natively produced document, and the slip sheet corresponding to the Protected Material shall include the production number and the confidentiality designation. In the event the receiving Party of natively produced Protected Material chooses to print or otherwise make a copy of such materials, the printout or copy must be marked with the confidentiality designation;

c. For deposition transcripts, parties, or testifying persons or entities may designate depositions and other testimony (or portions thereof) with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how the transcript or portions thereof are designated within ten (10) days of receipt of the transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "RESTRICTED – ATTORNEYS' EYES ONLY" until the time within which it

may be appropriately designated as provided for herein has passed. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition dealing with such Protected Material. In such cases, the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape (or portions thereof) shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape may contain confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the Parties." "Confidential – Subject to Protective Order" or "Attorneys' Eyes Only – Subject to Protective Order" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript.

3. Any document produced before issuance of this Order with the designation "Confidential – Subject to Protective Order" or "Attorneys' Eyes Only – Subject to Protective Order" shall receive the same treatment as if designated as such under this Order, unless and until such document is re-designated to have a different classification under this Order.

4. A Party or third-party shall designate documents, information, or material as "Confidential – Subject to Protective Order" only upon a good-faith belief that the documents,

information, or material contains personal, sensitive, confidential, or proprietary information or trade secrets of the Party, third-party, or a another third-party to whom a Party or third-party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

5. A Party or third-party shall designate documents, information or material as "Attorneys' Eyes Only – Subject to Protective Order" only upon a good-faith belief that the documents, information or material contains highly sensitive business information, including but not limited to: (1) names, or other identifying information tending to reveal the identities of a party's current and former staff members; (2) names, or other identifying information tending to reveal the identities of a Party's vendors; (3) proprietary business, technical, or financial information of a Party; and (4) such other information or documents not known to the general public, the disclosure of which to unauthorized individuals or the public is likely to cause significant harm or damage. Other categories of "Attorneys' Eyes Only – Subject to Protective Order" information may exist and such documents shall be given similar protections to this Stipulated Protective Order as specifically designated by and agreed to by the Parties during the course of the litigation.

6. No designation of materials as "Confidential – Subject to Protective Order" or "Attorneys' Eyes Only – Subject to Protective Order" shall be made unless counsel for the designating Party believes in good faith that such information is "Confidential" or "Attorneys' Eyes Only" as defined in Paragraphs 4 and 5, respectively. Counsel for the designating Party shall make designations as narrowly and reasonably as practicable, including but not limited to designating only certain portions of documents as "Confidential – Subject to Protective Order" or "Attorneys' Eyes Only – Subject to Protective Order," and/or requiring redactions in accordance

with Paragraph 12. "Confidential" or "Attorneys' Eyes Only" information may include, but is not limited to, any sensitive documents or information produced by a Party, any other nonparties, or any other information that constitutes confidential information under the Federal Rules of Civil Procedure and/or applicable laws or regulations including U.S. federal, state, or local privacy, data protection, or secrecy laws.

7. "Confidential" or "Attorneys' Eyes Only" information may also include personnel information, patient information, detailed and sensitive financial and business information, business records, employee handbooks, policies and procedures concerning the Plaintiffs' operations, and other highly sensitive business information (as described in paragraph 5) that could jeopardize Plaintiffs' commercial, privacy, and security information.

8. Under no circumstances other than those specifically provided for in this Order or subsequent Court Orders, or with the express written consent of the producing Party or producing non-party, shall "Confidential" information be used for any purpose except the prosecution or defense of this litigation, or be in any way revealed, delivered or disclosed, or otherwise made known, in whole or in part, to any person except:

    a. the Court and its personnel;

    b. counsel of record for the Parties to this action and their associated attorneys in the same law firm, paralegals, and other professional personnel (including support staff) who are employed/hired by the same law firm and directly assisting such counsel in the prosecution or defense of this litigation, are under the supervision of such counsel, and who have been advised by such counsel of their obligations hereunder;

    c. the named Parties and the personnel employed by them who are actually engaged in the preparation of this action for trial or other proceedings herein, who have been advised of their obligations hereunder, and who have signed an Agreement to Be Bound By Stipulated Protective Order, in the form appended hereto.

    d. outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) and their necessary support personnel retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has signed an Agreement to Be Bound By Stipulated Protective Order, in the form appended hereto;

    e. an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer, if furnished, shown, or disclosed in accordance with Paragraph 11 hereof;

    f. any person employed by the named Parties in this litigation and any counsel who previously saw or received the information in the regular course of his or her duties, except that nothing in this Order may be construed to excuse or mitigate the non-disclosure and confidentiality obligations required by applicable laws; and

    g. any other person expressly agreed to, in writing, by the Parties; where, however, such person will have access to materials designated as "Confidential – Subject to Protective Order" that were produced by a non-party, the express written agreement of the non-party must also be obtained.

9. Under no circumstances other than those specifically provided for in this Order or subsequent Court Orders, or with the express written consent of the producing Party or producing

non-party, shall "Attorneys' Eyes Only" information be used for any purpose except the prosecution or defense of this litigation, or be in any way revealed, delivered or disclosed, or otherwise made known, in whole or in part, to any person except those listed in (a), (b) and (d) of Paragraph 8 above, and any other person expressly agreed to, in writing, by the Parties; where, however, such person will have access to materials designated as "Attorneys' Eyes Only – Subject to Protective Order" that were produced by a non-party, the express written agreement of the non-party must also be obtained.

10. Any summary, compilation, notes, electronic images, or databases containing material that has been designated as Confidential and/or Attorneys' Eyes Only shall be subject to the terms of this Order to the same extent as the materials from which the summary, compilation, notes, electronic images or databases are made or derived.

11. At the time of delivery or disclosure, counsel of record shall instruct any person to whom any Confidential and/or Attorneys' Eyes Only information is delivered or disclosed to maintain the confidentiality of all information protected by this Order and furnish to all such persons a copy of this Order. Counsel of record shall maintain a record of all persons outside of a "law firm" (as defined in paragraph 8(b)) to whom Confidential and/or Attorneys' Eyes Only information has been disclosed or delivered. Counsel must also maintain original executed Agreements to Be Bound By Stipulated Protective Order;

12. In addition to designating materials as "Confidential - Subject to Protective Order" or "Attorneys' Eyes Only – Subject to Protective Order," a producing Party may require redactions to such materials, whether they are the Party's own materials or materials produced by another party or non-party for use in this litigation. To the extent that a Party objects to any such redaction, the Parties shall address that dispute subject to the provisions of this Order, with the Court

ultimately to decide (based on an *in-camera* review of a non-redacted version of the materials at issue) any dispute over the need for redactions that the Parties cannot resolve on their own.

        13.     Any Party may object to the designation of "Confidential - Subject to Protective Order" or "Attorneys' Eyes Only - Subject to Protective Order" pursuant to this Order. Should a Party reasonably believe that disclosure of Confidential or Attorneys' Eyes Only information in a hearing, trial, or deposition is necessary, such Party shall provide reasonable advanced notice of such belief to the Party or non-party designating such information as Confidential or Attorneys' Eyes Only. Counsel shall meet and confer in an attempt to resolve any disputes about the designation or treatment of any document or information before presenting such disputes to the Court. If the Parties cannot resolve the issue informally in good faith, the Party wishing to disclose Confidential or Attorneys' Eyes Only information may seek relief from the Court within fourteen (14) days of the meet and confer. The document or information in question will remain subject to the confidentiality provisions of this Order until the Court rules.

        14.     The Parties agree that no Confidential or Attorneys' Eyes Only information shall be included in any document that is publicly filed in this litigation. In the event that a Party intends to use Confidential or Attorneys' Eyes Only information in a document that is required to be filed publicly, such as an affidavit, memorandum of law, or notice, counsel for the Party shall: (a) redact all Confidential or Attorneys' Eyes Only information from the document to be filed publicly; (b) mark clearly any unredacted copy of that document with the legend "Confidential – Subject to Protective Order" or "Attorneys' Eyes Only – Subject to Protective Order" on each page containing Confidential or Attorneys' Eyes Only information, as appropriate; and (c) serve an unredacted copy, with that designation, upon the Parties who are bound by this Protective Order and upon the Court.

15. In lieu of marking originals of documents, the Parties may mark copies that are produced or exchanged.

16. Unless a court orders otherwise, the Parties and their counsel shall maintain the confidentiality of all Confidential or Attorneys' Eyes Only information after final disposition of this litigation, by adjudication (including appeals) or otherwise (including by settlement). Within thirty (30) days after the final disposition of this litigation, the recipient shall either (a) return to the producing Party or producing non-party all Confidential or Attorneys' Eyes Only information, all copies of such information, and any documents incorporating such information, or (b) securely destroy all such materials and certify in writing to counsel for the producing Party or producing non-party that all such materials have been destroyed. Notwithstanding this provision, counsel to the Parties in this action are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Additionally, counsel of record to the Parties in this action may use work product from this action in subsequent litigation, provided that counsel does not use or disclose another Party's Protected Material.

17. This Order is entered solely for the purpose of protecting the confidentiality of information and facilitating the exchange of documents and information between the Parties and producing non-parties to this proceeding, without unreasonably or unnecessarily limiting or restricting the ability of the Parties and/or their counsel to develop their claims or defenses in this matter, and without causing significant financial harm or otherwise jeopardizing the well-being of the Plaintiffs, their patients, and their physicians, other health care professionals, and other staff, such that the involvement of the Court would not be unnecessarily required to resolve disputes

over confidentiality. By entering into this Order, no Party agrees to produce any particular document or information, including but not limited to, any documentation or information referenced herein. Nothing in this Order shall be deemed to be a limit or waiver of the attorney client privilege, the work-product doctrine, or any other privilege or doctrine. This Order shall be without prejudice to the right of any Party to object to the production of any information or documents or to object to the admissibility of any evidence or testimony. Moreover, this Order shall be without prejudice to the right of any Party or non-party to present to the Court a motion for a separate protective order as to any such particular document or information, including restrictions differing from those as specified herein, or the right of any Party to seek relief from, or modification of, this Order or any provisions thereof, or to challenge any designation of Confidential or Attorneys' Eyes Only information as to any particular document or documents, or portion thereof, as inappropriate under the applicable law or this Order; nor shall this Order be deemed to prejudice any Party in any way in any future application for modification of this Order.

18. A Party shall not be obligated to challenge the propriety of a designation at the time made, and a decision not to challenge a designation shall not preclude a subsequent challenge thereto (nor shall it constitute any admission or inference that the information is, or ever was, confidential).

19. The Parties may agree in writing only to withdraw the designation of "Confidential – Subject to Protective Order" or "Attorneys' Eyes Only – Subject to Protective Order."

20. The inadvertent or unintentional failure to designate discovery materials as "Confidential – Subject to Protective Order" or "Attorneys' Eyes Only – Subject to Protective Order" shall not be deemed a waiver in whole or in part of a Party's or non-party's claim of confidential treatment under this Order. In the event of an inadvertent or unintentional failure to

designate materials, the producing Party or non-party may restrict further disclosure of the document or information in accordance with this Order by notifying the receiving Party in writing of the change in designation and by providing appropriately labeled or stamped replacement copies of the discovery materials. The receiving Party shall then take reasonable steps to prevent any further disclosure of such newly designated information, except as permitted by this Order. The receiving Party shall also make reasonable efforts to ensure that any derivative work generated by or on behalf of the receiving Party, including analyses, memoranda, or notes that were generated or based upon such material before re-designation, shall immediately be treated in conformity with any such re-designation.

21. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product protection, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product protection, or other privilege, doctrine, or immunity are inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes is protected under the attorney-client privilege, work product protection, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party within three (3) business days, except for any

pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party. Where it is reasonably apparent to a receiving Party that the documents or information was inadvertently sent or produced, and the receiving Party knows or reasonably should know that the documents or information is privileged or subject to the work product protection, the receiving Party shall: (a) refrain from examining the documents or information any more than is necessary to determine that they are privileged or subject to the work product protection, (b) promptly notify the producing Party, and (c) otherwise treat the information in compliance with Federal Rule of Civil Procedure 26(b)(5)(B).

22. The Parties agree that any documents that are otherwise authentic for purposes of admissibility remain authentic even if stamped "Confidential – Subject to Protective Order" or "Attorneys' Eyes Only – Subject to Protective Order."

23. If a person receiving documents protected by this order (the "Subpoenaed Person") is served with a subpoena, document demand, or other similar legal process, or a court order issued in another proceeding (including any proceeding before any other court, arbitration panel, regulatory agency, law enforcement, or administrative body) that seeks or compels disclosure of any information or items designated in this action as Protected Material by a designating Party other than the Subpoenaed Person, that Subpoenaed Person must: (a) promptly notify in writing the designating Party and provide a copy of the subpoena, document demand, or court order; (b) promptly notify in writing the Party who caused the subpoena, document demand, or order to issue in the other proceeding that some or all of the material covered by the subpoena, document demand, or order is subject to this order, providing a copy of this order; and (c) refrain from producing any material that has been designated as Protected Material in response to such a subpoena or document demand until the earlier of (x) receipt of written notice from the designating

Party that such Party does not object to production of the designated material in question or (y) resolution of any objection asserted by the designating Party either by agreement or by order of a court with jurisdiction over the objection of the designating Party. Notwithstanding the foregoing, unless the designating Party timely submits an objection seeking an order that the subpoena need not be complied with, and serves such objection upon the Subpoenaed Person before the production date required by the subpoena, the Subpoenaed Person shall be permitted to produce documents responsive to the subpoena on the subpoena response date. The designating Party shall bear its own burden and expense of seeking protection in that court of its confidential material. Compliance by the Subpoenaed Person with any order directing production pursuant to the subpoena of any material designated as Protected Material shall not constitute a violation of this order, provided that the notice required by this Paragraph has been satisfied, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

24. This Order has no effect upon, and shall not apply to, the Parties' use of their own documents for any purpose. Nothing herein shall impose any restrictions on the use or disclosure by a Party of documents, materials or information designated as Protected Material that has been generated or obtained lawfully by that Party independently of these proceedings.

25. All Protected Material must be used by the receiving Party solely for the purpose of this action. Protected Material shall not be used by any Party, or their counsel, in any other litigation, or for any purpose other than the prosecution or defense of this action.

26. In the event additional parties join or are joined in this action, they shall not have access to material marked "Confidential – Subject to Protective Order" or "Attorneys' Eyes Only

– Subject to Protective Order" until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

27. If a Party discloses Confidential or Attorneys' Eyes Only information in a manner not authorized herein, the Party must immediately and in writing notify the producing Party or producing non-party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the producing Party or producing non-party, make every effort to retrieve such information and prevent further disclosure by the recipient or by the person to whom the recipient disclosed such information.

28. Each person or entity that receives or produces any designated information hereby agrees to subject itself to the jurisdiction of this Court for the purpose of any proceedings related to the performance under, compliance with, or violation of this Order. Any Party claiming a violation of this Order may seek declaratory and/or injunctive relief, or any other remedy allowed by law. The prevailing Party in any enforcement action shall be entitled to recover its reasonable attorneys' fees and costs relating to the enforcement action.

**STIPULATED TO BY:**

Dated: May 1, 2023

Respectfully submitted:

**For Plaintiff**

*/s/ Melisa Azak*
Melisa Azak (Virginia Bar No. 98089)
Commonwealth Law Group
3311 West Broad Street
Richmond, Virginia 23230
Telephone: (804) 999-9999
mazak@hurtinva.com

*/s/ Sean Short*
Sean Short (Arkansas Bar No. 2015079)
*Pro Hace Vice* forthcoming
Sanford Law Firm, PLLC
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
sean@sanfordlawfirm.com

*Counsel for Plaintiff Alexander Budris*


**For Defendant**

/s/ Roya Vasseghi
Roya Vasseghi (Virginia Bar No. 85122)
Vasseghi Budd LLC
9663-A Main Street
Fairfax, VA 22031
703-215-9358
roya@vasseghibuddlaw.com

*Counsel for Defendant HUSL Digital, LLC*



**SO ORDERED BY THE COURT**

*William E. Fitzpatrick*

United States District Judge

**Alexandria, Va, this
1st day of May, 2023**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ALEXANDER BUDRIS**<br><br>**Plaintiff,**<br><br>v.<br><br>**HUSL DIGITAL, LLC**<br><br>**Defendant.** | **Civil Action No. 1:22-cv-1093** |

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, _____, have been provided a copy of the Stipulated Protective Order ("Order") entered in this case and have carefully reviewed the Order. I understand the Order and agree to be bound by the terms of the Order not to disclose any information designated as "Confidential" or "Attorneys' Eyes Only" to any person in violation of the Order. I understand that by signing this Agreement, I voluntarily submit to the jurisdiction of this Court for the purpose of any proceedings related to the performance under, compliance with, or violation of this Order. I understand that any violation by me of this Agreement or the terms of the Order may be punishable to the fullest extent allowed by law.

DATED: _____

SIGNED: _____